IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIMMY EARL HALL, #103508, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10-CV-733-TMH |
| | ) | [WO] |
| | ) | |
| DOUGLAS A. VALESKA, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Jimmy

Earl Hall ["Hall"], a county inmate and frequent federal litigant, on August 30, 2010.  In

this complaint, Hall challenges the constitutionality of his most recent arrest and ensuing

confinement in the Houston County Jail.

Upon initiating this case, Hall filed a motion for leave to proceed *in forma pauperis*

under 28 U.S.C. § 1915(a).  *Application to Proceed Without Prepayment of Fees - Court

Doc. No. 2*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring

a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions,

while incarcerated or detained in any facility, brought an action or appeal in a court of the

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury."[1]

The records of this court establish that Hall, while incarcerated or detained, has on at least five occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Hall v. Hand, et al.*, Case No. 1:94-CV-1452-ID (M.D. Ala. 1995); (2) *Hall v. German*, Case No. 1:94-CV-309-ID (M.D. Ala. 1994); (3) *Hall v. Locke, et al.*, Case No. 1:94-CV-84-MHT (M.D. Ala. 1994); (4) *Hall v. German*, Case No. 1:93-CV-1431-MHT (M.D. Ala. 1993); and (5) *Hall v. Whiddle, et al.*, Case No. 1:93-CV-1355-MHT (M.D. Ala. 1993).

In this case, Hall challenges the constitutionality of his March 3, 2010 arrest and subsequent incarceration in the Houston County Jail pursuant to this arrest. The allegations made the basis of the instant complaint utterly and completely fail to demonstrate that Hall was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C.

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

§ 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).  Based on the foregoing, the court concludes that Hall's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Hall failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Jimmy Earl Hall on August 30, 2010 (Court Doc. No. 2) be and is hereby DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before October 1, 2010 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of September, 2010.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE